

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

RECEIVED

March 10, 2021
At: 8:30_____.m
WILLIAM T. WALSH
CLERK

970 Broad Street, Suite 700                (973) 645-2700
Newark, New Jersey  07102

RO/PLAGR
2018R00735

December 15, 2020

Linwood Jones, Esq.
7 Glenwood Avenue
East Orange, NJ 07017

        Re:  <u>Plea Agreement with Quasaan Bethea</u>  3:19-603-01(FLW)

Dear Mr. Jones:

    This letter sets forth the plea agreement between your client, Quasaan Bethea ("Bethea"), and the United States Attorney for the District of New Jersey ("this Office").  This offer will expire on April 17, 2020, if it is not accepted in writing by that date.

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Bethea to Count Two of the Indictment (Crim. No. 19-603 (FLW)), which charges Bethea with distribution or possession with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). If Bethea enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Bethea for distributing or possessing fentanyl on or about May 15, 2018, or for causing the death of a victim, Victim-1, on or about May 15, 2018, as a result of the same, provided that: (1) Bethea admits under oath at the time of his guilty plea that the offense conduct charged in the Indictment caused the death of Victim-1 on or about May 15, 2018; and (2) this conduct is taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. §§ 1B1.2(c) and 1B1.3.  Moreover, at the time of sentencing in this matter, this Office will move to dismiss Count One of the Indictment (Crim. No. 19-603 (FLW)), against Bethea. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Bethea agrees that any dismissed charges and any other charges that are not time-barred by the

applicable statute of limitations on the date this agreement is signed by BETHEA may be commenced against her, notwithstanding the expiration of the limitations period after BETHEA signs the agreement.

Sentencing

The violation of 21 U.S.C. § 841 charged in Count Two of the Indictment (Crim. No. 19-603 (FLW) to which Bethea agrees to plead guilty carries a statutory maximum sentence of 20 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $1,000,000, or (2) twice the gross profits or other proceeds to Bethea. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Bethea is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Bethea ultimately will receive.

Further, in addition to imposing any other penalty on Bethea, the sentencing judge: (1) will order Bethea to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Bethea to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) must order forfeiture pursuant to 21 U.S.C. § 853 of, (a) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation, and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; and (4) may deny Bethea certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a.

In addition, pursuant to 18 U.S.C. § 3583 and 21 U.S.C. § 841, the sentencing judge must require Bethea to serve a term of supervised release of at least three years, which will begin at the expiration of any term of imprisonment imposed. Should Bethea be placed on a term of supervised release and subsequently violate any of the conditions of supervised release, Bethea may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Bethea by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Bethea's activities and relevant conduct with respect to this case.

Stipulations

This Office and Bethea agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Bethea from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Bethea waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Bethea. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Bethea.

No provision of this agreement shall preclude Bethea from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Bethea received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Bethea and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

s/ Ryan L. O'Neill
By: RYAN L. O'NEILL
Assistant U.S. Attorney

APPROVED:

MELISSA WANGENHEIM
Chief, Opioid Abuse Prevention and Enforcement Unit

I have received this letter from my attorney, Linwood Jones, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, and waiver. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

*[signature]*  Date: 12-23-20
Quasaan Bethea

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

*[signature]*  Date: 12/30/20
Linwood Jones, Esq.

Plea Agreement with Quasaan Bethea ("Bethea")

Schedule A

This Office and Bethea agree to stipulate to the following:

1. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case. The applicable guideline is U.S.S.G. § 2D1.1.

2. The offense involved less than four (4) grams of fentanyl, a Schedule II controlled substance. This amount shall be considered relevant conduct as defined in U.S.S.G. § 1B1.3.

3. Within the meaning of U.S.S.G. § 2D1.1(a)(1), the defendant is convicted under 21 U.S.C. § 841(b)(1)(C), the offense of conviction establishes that death or serious bodily injury resulted to a victim, Victim-1, on or about May 15, 2018, from the use of the substance(s) involved in the offense, and the defendant committed the offense after one or more prior convictions for a similar offense.

4. As of the date of this plea agreement, Bethea has clearly demonstrated acceptance of responsibility for his offense. He also has timely notified this Office of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the District Court to allocate their resources efficiently. If Bethea continues to manifest his acceptance of responsibility through sentencing, this Office will support the maximum reduction for which he is eligible under U.S.S.G. § 3E1.1.

5. Neither party will argue for a term of imprisonment below 151 months or above 188 months. The parties agree that a term of imprisonment within 151 and 188 months (the "Stipulated Range") is reasonable taking into account all of the factors under 18 U.S.C. § 3553(a). The parties recognize, however, that the Stipulated Range will not bind the District Court.

6. If the District Court imposes a term of imprisonment within the Stipulated Range:

    a. This Office will not appeal any component of that sentence. The term "any component of that sentence" means the term of imprisonment, the term (and conditions) of supervised release, any fine, any restitution, any forfeiture, and the special assessment.

    b. Bethea will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not

challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the sentence under 18 U.S.C. § 3582(c)(1) or (2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify the judgment of conviction or any component of the sentence.

     c. These waiver provisions, however, do not apply to any component of the sentence that is below an applicable statutory minimum penalty or above an applicable statutory maximum penalty for Bethea's offense of conviction.

    7.    Lastly, the parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the District Court. Furthermore, neither party will challenge at any time, using any means, the District Court's acceptance of a stipulated fact.